# Alabama State Land Co. *v.* Shuttleworth.

## *Action of Ejectment.*

1. *Deed as color of title; failure to pay the consideration, not bad faith in one claiming land under.*—The facts that a party did not have sufficient means at the date of its execution to pay the consideration mentioned in a deed to her, and did not pay it at that time, do not tend to show want of good faith on her part in claiming title to the land during the years of her possession under the deed as color of title.

2. *Taxes; failure to pay not matter for special charge as showing want of good faith in claim of ownership.*—The fact that a party failed to pay taxes on land in her possession is not matter for special instruction by the court as showing want of good faith in her claim of ownership; it is a matter of argument to the jury.

3. *Intent in holding land; charge as to, misleading in a suit against tenant.*—In a suit in ejectment against a tenant a charge that a "possession to ripen into a title must be with intent and in good faith to claim title; and if no such *bona fide* intent existed in defendant or those under whom he holds, the jury must find for the plaintiff for the land sued for, "is misleading in its tendencies, although it would be a correct charge in a suit against the landlord who claims the land by adverse possession.

APPEAL from the Law and Equity Court of Tusca-loosa.

Tried before the Hon. J. J. MAYFIELD.

The Alabama State Land Company sued J. R. Shut-tleworth in ejectment. The defendant pleaded that he was in possession of the land as the tenant of Mary Shuttleworth who had held the land sued for in adverse possession under color of title for more than ten years. On the trial plaintiff asked one of the witnesses of the defendant, on cross examination, to state what means Mrs. Shuttlesworth had of paying the amount of money mentioned in the deed offered as color of title, as its con-sideration. The court sustained the objection to the question. The fact appeared that the defendant had never paid taxes on the land in controversy, and the plaintiff requested a charge based on this evidence, that such failure might be looked to as some evidence that the defendant and those under whom he held did not claim to own the land. Judgment for the defendant. Affirmed.

SMITH & SMITH, for appellant, cited, *Durr v. Jackson*, 59 Ala. 203; *Dothard v. Denson*, 72 Ala. 541.

No counsel for appellee.

McCLELLAN, C. J.—We are unable to see that the facts sought to be elicited on cross-examination of the defendant's witnesses that Mrs. Shuttlesworth did not have sufficient means to pay, and did not at the time pay the consideration for the land recited in the deed intro-duced to show color of title tended to show a want of good faith on her part in claiming title to the land dur-ing the twenty-seven years of her possession under that color of title.

It may be that her failure to pay any taxes on the land was evidence of a want of such good faith in her claim of ownership; but this was matter for argument to the jury, which the court was not bound to embody in an instruction to them. Charge 5 was therefore properly refused.

Charge 6 requested by plaintiff is as follows: "A pos-session to ripen into title must be with intent, and in

good faith, to claim title, and if no such *bona fide* intent existed in defendant and those under whom he holds, the jury must find for the plaintiff for the land sued for." This charge should and doubtless would have been given if Mrs. Shuttlesworth instead of her son J. R. had been the defendant. But he claimed no title at all in the land; but only that he held under his mother who did, he asserts, have title by more than ten years adverse possession. To say the least the charge was palpably misleading in its tendencies.

Affirmed.